# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BAXTER SENIOR LIVING, LLC,<br><br>         Plaintiff,<br> v.<br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>         Defendant. | Case No. 3:22-cv-00044-SLG |

## ORDER RE DEFENDANT'S MOTION FOR RECONSIDERATION

Before the Court at Docket 27 is Defendant Zurich American Insurance Company's *Motion for Reconsideration* of the Court's order at Docket 25 certifying questions to the Alaska Supreme Court. The Court did not request a response from Plaintiff.[1]

According to the Ninth Circuit, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."[2] Under the District of Alaska's Local Civil Rules, the Court "will ordinarily deny a motion for reconsideration absent a

---

[1] *See* D. Alaska L. Civ. R. 7.3(h)(3) ("No response to a motion for reconsideration may be filed unless requested by the court.").

[2] *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

showing of one of the following: (A) manifest error of law or fact; (B) discovery of new material facts not previously available; or (C) intervening change of law."[3]

Zurich's assertions urging reconsideration rest primarily on the Court's alleged oversight in not recognizing the insurance policy's microorganism exception as "an independent basis to resolve all claims in this suit."[4] But Zurich has not demonstrated that the Court made a manifest error of law or fact that might justify reconsideration. First, under the policy's plain language, the microorganism exclusion would appear to have no application or relevance to Claims 7 through 9 of Baxter's suit. Second, Zurich's motion to dismiss and its reply to Baxter's opposition memorandum presented the interpretation of "direct physical loss of or damage to" as the primary issue relating to Claims 1 through 6.[5] Third, for the reasons Baxter set forth in its opposition to Zurich's motion to dismiss, the Court disagrees with Zurich's assertion that the microorganism exclusion in the Real and Property Coverage Form section of the policy[6] categorically precludes the insurance coverages that Baxter is seeking in Claims 1 through 6 under the Additional Coverages Form section of the policy.[7] Thus, Zurich has not shown that

---

[3] D. Alaska L. Civ. R. 7.3(h).

[4] Docket 27 at 4.

[5] *See* Docket 10 at 5–7 (Def.'s Mot. to Dismiss); Docket 24 at 2–8 (Reply).

[6] *See* Docket 2-1 at 88–89.

[7] *See* Docket 2-1 at 100; Docket 18 at 18–19 (Pl.'s Opp'n) (explaining that the microorganism exclusion is contained in the "Real and Personal Property" coverage section, not the "Additional

Case No. 3:22-cv-00044-SLG, *Baxter Senior Living, LLC v. Zurich Am. Ins. Co.*
Order Re Defendant's Mot. for Reconsideration
Page 2 of 3

Case 3:22-cv-00044-SLG   Document 28   Filed 10/12/22   Page 2 of 3

any of the relevant criteria for reconsideration are met.

Accordingly, Zurich's *Motion for Reconsideration* at Docket 27 is DENIED.

IT IS SO ORDERED this 12th day of October 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

Coverages" sections to which Baxter's Claims 1 through 6 relate).

Case No. 3:22-cv-00044-SLG, *Baxter Senior Living, LLC v. Zurich Am. Ins. Co.*
Order Re Defendant's Mot. for Reconsideration
Page 3 of 3

Case 3:22-cv-00044-SLG   Document 28   Filed 10/12/22   Page 3 of 3